Case 7:25-cv-00402-EKD-CKM   Document 13   Filed 10/30/25   Page 1 of 3
Pageid#: 221

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
October 30, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOEL AARON BURRELL, )<br>　　　Plaintiff, )<br>)<br>v. )<br>)<br>T. TOWNSEND, *et al.*, )<br>　　　Defendants. ) | Civil Action Nos. 7:25-cv-00402<br><br>By: Elizabeth K. Dillon<br>　　Chief United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Joel Aaron Burrell, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that Burrell's complaint fails to state a claim and is frivolous, and the court will issue an order dismissing this action.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." A complaint is subject to dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Examples of frivolous claims include those whose factual allegations are so nutty, delusional, or wholly fanciful as to be simply unbelievable." *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009).

Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Burrell's complaint, the court concludes that it is frivolous and does not state any actionable claims under federal law. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Burrell's complaint is 53 pages long with an additional 106 pages of attachments. He alleges that several defendants have retaliated against him, impeded his right to access the court system, and violated the First Amendment in various other contexts. Among the defendants named in the complaint is President Donald J. Trump. According to Burrell, he wrote letters to President Trump in 2017, 2018, and 2020, while he was housed at Hampton Roads Regional Jail, asking for an investigation into judicial corruption. The alleged corruption involves a wrongful conviction for an identity theft scheme. A $100 million dollar lawsuit in Florida "is based upon a spiritual experience which the government attempted to make me appear as a Satanist or drug addict, while having me poisoned, while confined in a government assassination ploy with Virginia Department of Corrections prisons and medical corporations." (Compl. 10.) Burrell claims that President Trump violated his rights under the free exercise clause of the First Amendment by impeding his right to practice Christian religious beliefs and "having spiritual experiences." (*Id.* at 11.)

Plaintiff provides no factual basis for his claim that VDOC officials, along with President Trump, jointly contrived to violate his constitutional rights. Civil conspiracy claims under §

1983 require a plaintiff to show that defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in the deprivation of a constitutional right." *Davis v. Walmart Stores East, L.P.*, 687 F. App'x 307, 311 (4th Cir. 2017). In short, plaintiff's claims are not believable and fall within the unsupported and delusional contentions that may be rejected as frivolous under § 1915A(b)(1). *See, e.g.*, *Songer v. Overton*, Case No. 7:18CV00491, 2018 WL 6242372, at *2 (W.D. Va. Nov. 29, 2018) (dismissing as frivolous claim that officials conspired to include suspension of prison time in sentencing order on the condition plaintiff stay out of county); *Guion v. Stancil*, Civil Action No. 24-cv-02177-CMA-RTG, 2024 WL 4452641, at *1 (D. Colo. Oct. 9, 2024) (dismissing claim involving President Trump and IRS agents as "delusional and wholly incredible"); *Grant v. Baker*, Civil Action No. 7:20-CV-00232, 2021 WL 3040755, at *4 (S.D. Tex. May 25, 2021) (dismissing claim that Ronald Reagan, Caspar Weinberger, and James Baker "manipulate and control various aspects of Plaintiff's life as part of a vast conspiracy known as 'Operation Hometown Glory'").

    For the foregoing reasons, the court will summarily dismiss Burrell's complaint, pursuant to 28 U.S.C. § 1915A(b)(1), as frivolous and for failure to state an actionable claim.

    An appropriate order will be entered.

    Entered: October 30, 2025.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge